IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REID I. TAMAYOSE and NADINE K. TAMAYOSE, | ) ) ) | CIVIL NO. 10-00185 JMS/BMK |
| Plaintiffs, | ) ) ) | ORDER GRANTING DEFENDANT OPTION ONE MORTGAGE CORPORATION'S, NOW KNOWN AS SAND CANYON CORPORATION, MOTION FOR [PARTIAL] SUMMARY JUDGMENT |
| vs. | ) ) ) | |
| OPTION ONE MORTGAGE CORPORATION, its successors and assigns; H&R BLOCK BANK; RESIDENTIAL CREDIT SOLUTIONS, INC.; and DOES 1-30, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT OPTION ONE MORTGAGE
CORPORATION'S, NOW KNOWN AS SAND CANYON CORPORATION,
MOTION FOR [PARTIAL] SUMMARY JUDGMENT**

## I. INTRODUCTION

This action arises from a November 2006 loan transaction in which

Plaintiffs Reid and Nadine Tamayose (collectively, "Plaintiffs" or "the

Tamayoses") borrowed $1,025,000 from Defendant Option One Mortgage

Corporation ("Option One" or "Sand Canyon"),[1] secured by a promissory note and

mortgage on Plaintiffs' residence located in Kapaa, County of Kauai, Hawaii.

---

[1] Option One is now known as Sand Canyon Corporation ("Sand Canyon").  Sugimoto Decl. ¶1; Sand Canyon Answer, at 1.

Option One assigned the note and mortgage in October 2007 to Defendant H&R

Block Bank, which later assigned the note and mortgage to Defendant Residential

Credit Solutions, Inc. ("Residential Credit").  H&R Block Bank had instituted non-

judicial foreclosure proceedings in December 2008, after which Plaintiffs

attempted to cancel or rescind the loan transaction, asserting a right to rescind

under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*  Additional

foreclosure proceedings ensued or were threatened in 2009 by Residential Credit.

Plaintiffs' Complaint seeks, among other claims, a determination that

they in fact cancelled or rescinded the loan transaction and that foreclosure

proceedings were wrongful.  In this Motion, Sand Canyon seeks summary

judgment because it -- as the original lender -- had fully assigned the note and

mortgage without recourse and retained no interest in the property, and had done so

before the attempted (or actual) cancellation in December 2008.  Sand Canyon

argues that it could not then have cancelled or rescinded the loan, and cannot do so

now.[2]  It contends it is not a real party in interest and is entitled to summary

---

[2] Sand Canyon's Reply argues -- for the first time -- that claims for damages under TILA are time-barred.  The court will not generally consider substantive arguments raised for the first time in a Reply.  *See, e.g.*, *Hi-Tech Rockfall Const., Inc. v. Cnty. of Maui*, 2009 WL 529096, at *18 n.9 (D. Haw. Feb. 26, 2009) ("Local Rule 7.4 provides that '[a]ny arguments raised for the first time in the reply shall be disregarded.'"); *Coos Cnty. v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief). The court thus construes the instant Motion as a Motion for Partial Summary Judgment as to

(continued...)

judgment.

Having considered Sand Canyon's Motion, Plaintiffs' Opposition, Sand Canyon's Reply, and the arguments made at the hearing on November 29, 2010, the court GRANTS the Motion (as to any claim regarding or seeking cancellation or rescission). Claims for damages remain in the action against Sand Canyon.

## II. <u>BACKGROUND</u>

### A.    **Factual Background**

Reid Tamayose borrowed $1,025,000 from Option One in November 2006. Compl. ¶ 7.[3] The loan was evidenced by an Adjustable Rate Note, dated November 22, 2006 ("the Note"), executed by Reid Tamayose, as borrower, in favor of Option One, as lender. Sand Canyon Ex. 1. The loan was secured by a November 22, 2006 mortgage (the "Mortgage") executed by the Tamayoses. The Mortgage is secured by the Tamayoses' principal residence located in Kapaa, Hawaii. The Note and Mortgage were recorded in the State of Hawaii, Bureau of Conveyances on November 30, 2006. Sand Canyon Exs. 1 & 2; Sugimoto Decl.

---

[2](...continued)
claims regarding cancellation or rescission.

[3] The Complaint asserts that both Tamayoses were the borrowers, but the Note was executed only by Reid Tamayose. Sand Canyon Ex. 1, at 3.

¶ 7.

On October 16, 2007, Option One assigned the Note and Mortgage to

H&R Block Bank, as evidenced by an assignment ("First Assignment") recorded

on October 24, 2007 in the Bureau of Conveyances.  Sand Canyon Ex. 4; Sugimoto

Decl. ¶ 7.  The First Assignment was "without recourse" except for certain

warranties against "liens and encumbrances."  Sand Canyon Ex. 4, at 1.

According to H&R Block, Inc.'s Securities and Exchange

Commission Form 10-K, Option One was formerly a subsidiary of H&R Block,

Inc.  Pls.' Ex A.  H&R Block, Inc. "approved a plan to exit the mortgage business"

in November 2006 and Option One "ceased all loan origination activities" by

January 31, 2008.  *Id.*  H&R Block Bank is a retail bank affiliated with H&R

Block, Inc., and thus had some sort of corporate affiliation with Option One in the

past.  *Id.*

On December 4, 2008, the Tamayoses sought to cancel the loan

transaction by a letter from their counsel addressed to H&R Block Bank and

Option One.  H&R Block Bank had apparently instituted non-judicial foreclosure

proceedings, as the Tamayoses' letter refers to an auction that was scheduled for

December 5, 2008.  Compl. ¶ 9 & Ex. C.  The record does not reflect exactly what

happened regarding H&R Block Bank's foreclosure proceedings.

4

H&R Block Bank then assigned the Note and Mortgage to Residential Credit on June 16, 2009, as evidenced by an assignment recorded in the Bureau of Conveyances on July 2, 2009.  Sand Canyon Ex. 5.  Residential Credit apparently began new foreclosure proceedings around November 2009.  The Complaint alleges that "Option One and H&R [Block Bank] . . . have continued to refuse to recognize said cancellation, demanding payment of said rescinded Note; and [Residential Credit], claiming to be the Tamayoses' new mortgagee, is now threatening a new nonjudicial foreclosure[.]"  Compl. ¶ 10.

**B.      Procedural Background**

The Tamayoses filed suit on November 23, 2009 in the First Circuit Court, State of Hawaii, alleging claims for declaratory and injunctive relief under TILA.  Compl., at 4-5.  Sand Canyon then removed the action to this court on March 30, 2010.

As described above, the suit seeks a declaration that Plaintiffs cancelled the loan transaction, that the foreclosures were wrongful, and that they are entitled to actual and statutory damages.  In particular, Count One (entitled "Declaratory Judgment") provides as follows:

> Tamayoses seek a declaratory judgment that said 2006
> loan has been cancelled as a matter of federal law and
> that said nonjudicial foreclosures were and are wrongful,
> and preventing Option One, H&R, and/or RCS from

> scheduling any further nonjudicial foreclosure actions
> and pursuing any transfer of title to either of them or to a
> third party by exercising a "power of sale" clause in their
> adhesive 2006 Mortgage . . . and to an award of actual
> and/or statutory damages, including attorneys' fees and
> costs[.]

Compl. ¶ 12.  Count Two of the Complaint seeks injunctive relief to prevent

further foreclosure proceedings, and Count Three seeks punitive damages.  Compl.

at 4-5.

Sand Canyon filed this Motion on September 24, 2010, Plaintiffs filed

an Opposition on November 8, 2010, and Sand Canyon filed its Reply on

November 15, 2010.  The court heard the matter on November 23, 2010.

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  Rule 56(c) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of*

*Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

6

the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has carried its burden under Rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

   "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

7

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

## IV.  DISCUSSION

The Motion is straightforward.  Because Sand Canyon, as the original lender, no longer owns any interest in the Note and Mortgage (and did not on December 4, 2008 when the Tamayoses attempted to cancel), it argues that it is not the real party in interest because it could not, by law, have rescinded or cancelled the transaction in December 2008 (and likewise cannot rescind or cancel the transaction now).  It seeks summary judgment on this basis alone.

Sand Canyon relies on a case from this district directly on point.  *See Zakarian v. Option One Mortg. Corp.*, 642 F. Supp. 2d 1206 (D. Haw. 2009) (Ezra, J.).  *Zakarian* granted summary judgment against a debtor seeking rescission under TILA because the defendant (Option One -- the same lender as in this action) had fully assigned the applicable mortgage to Wells Fargo Bank.  *Id.* at 1213. *Zakarian* reasoned that once an assignment is made, the former holder of the mortgage (1) no longer controls the assigned loan, (2) may not interfere with the note assigned, and therefore (3) lacks authority to grant rescission or cancel the loan.  *Id.*  This reasoning is consistent with other case law.  *See King v. Long Beach Mortg. Co.*, 672 F. Supp. 2d 238, 246-47 (D. Mass. 2009) (indicating that a

TILA "rescission remedy, if any, must be invoked against the current assignee").
The court finds *Zakarian* and *King* persuasive and follows their reasoning here.
Under *Zakarian*, this court cannot grant the requested relief against Sand Canyon -
- a declaration that Sand Canyon should have cancelled the loan transaction in
December 2008.  Further, Sand Canyon is not seeking (and cannot seek) to
foreclose now and is not a proper Defendant for Plaintiffs' requested injunctive
relief -- an order preventing a further non-judicial foreclosure action.

   Plaintiffs primarily respond in two ways.  First, they argue that Sand
Canyon still has "repurchase liabilities" and is therefore a necessary party.  Second,
they point out that their Complaint also seeks "disgorgement" or damages, which
may be asserted against "any creditor" who fails to comply with applicable
provisions of TILA.  *See* 15 U.S.C. § 1640(a).  The first argument fails and the
second is essentially irrelevant to the present Motion.[4]

   Plaintiffs' "repurchase liability" argument is based on a provision in

---

[4] Plaintiffs also assert -- without supporting evidence -- that there is an "absence of
adequate documentation as to the substance of" the assignments of the Note and Mortgage.  Pls.'
Opp'n at 8.  The argument fails.  Plaintiffs have no evidence contradicting the recorded
assignments, or contradicting that the First Assignment was "without recourse."  They admitted
that the Note and Mortgage were assigned.  Pls.' CSF in Opp'n, Nos. 5 & 6.  They point to no
reason, other than speculation, that the court must review the underlying transfer documents.
There is no evidence, for example, that Sand Canyon retains any ownership interest in the Note
and Mortgage or that -- even if Option One and H&R Block Bank were affiliated -- the
assignments were a sham.

the first Assignment from Sand Canyon to H&R Block Bank stating that "[Sand Canyon] will WARRANT and DEFEND the same unto [H&R Block Bank] against the lawful claims and demands of all persons."  Sand Canyon Ex. 4, at 2.  They argue that this provision is a "contingent recourse warrant[y]" that "expressly allow[s] for the forced repurchase of contracts for sale of such mortgage loans[.]" Pls.' Opp'n at 5.  The argument fails, however, because the warranty provided by Sand Canyon is as to "liens and encumbrances" (referring in this context to defects in title).[5]  A TILA claim is not a lien or encumbrance on title (or at least was not an encumbrance when the assignment was made).  *See, e.g.*, *In re Lopez*, 75 B.R. 961, 965 (Bankr. E.D. Pa. 1987) (describing a potential ruling that "a TILA violation is like an encumbrance which attaches to the mortgage and remains with it throughout any number of subsequent conveyances" as "both unprecedented and

---

[5] The provision provides:

Assignor [Sand Canyon], in consideration of the premises, does hereby promise, covenant and agree to and with Assignee [H&R Block Bank] that Assignor is the sole and absolute owner of said mortgage and the promissory note thereby secured; that the same are free and clear of and from all liens and encumbrances whatsoever; that Assignor has good right to sell and assign the same as aforesaid and that Assignor will WARRANT and DEFEND the same unto Assignee against the lawful claims and demands of all persons.

This Assignment is without recourse, except as to the warranties hereinbefore provided.

Sand Canyon Ex. 4, at 2.

10

erroneous"); *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 75 Haw. 480, 499, 866 P.2d 951, 962 (1994) ("[T]he covenant against encumbrances is a present covenant, breached, if at all, *at the time of the conveyance*, and not thereafter[.]") (emphasis in original).  In any event, even if Sand Canyon has some potential liability as to H&R Block Bank, it does not change the fact that Sand Canyon had no ability to cancel or rescind the transaction in 2008.  The court cannot declare -- as the Complaint seeks -- that Sand Canyon improperly failed to cancel the loan, nor that it must do so now.  Sand Canyon had no ownership of the Note and Mortgage at that time nor does it now.  It is not a proper defendant for the relief sought.  *See Zakarian*, 642 F. Supp. 2d at 1213; *King*, 672 F. Supp. 2d at 246-47.[6]

Plaintiffs' second argument points out that their Complaint seeks damages and "disgorgement" (and -- although the Complaint does not cite the specific section -- 15 U.S.C. § 1635(b) provides for damages for certain TILA violations).  Plaintiffs therefore argue that Sand Canyon cannot be dismissed

---

[6] Plaintiffs also cite to *Miranda v. Universal Financial Group. Inc.*, 459 F. Supp. 2d 760, 764-65 (N.D. Ill. 2006), indicating that the term "any assignee" in 15 U.S.C. § 1641(c) (which provides, among other things, for rescission against "*any* assignee of the obligation") includes "former assignees" that no longer hold the applicable mortgage -- a case in apparent conflict as to assignees with *King v. Long Beach Mortgage Co.*, 672 F. Supp. 2d 238, 246-47 (D. Mass. 2009) (indicating that a TILA "rescission remedy, if any, must be invoked against the current assignee").  The court need not determine whether *Miranda* applies under the facts presented to the court.  Sand Canyon was never an "assignee" of any kind and could never have cancelled a loan transaction after having fully assigned the Note and Mortgage.  Again, the court cannot declare that Sand Canyon should have done something (cancelled the transaction) in 2008 that it had no power to do.

completely as a Defendant because damages are possible against original creditors. This argument, however, is not responsive to the Motion -- which only raised Sand Canyon's lack of capacity to cancel or rescind.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS Sand Canyon's Motion for [Partial] Summary Judgment (as to any claim regarding or seeking cancellation or rescission).  Claims for damages remain in the action against Sand Canyon.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tamayose, et al. v. Option One Mortg. Corp., et al.*, Civ. No. 10-00185 JMS-BMK, Order Granting Defendant Option One Mortgage Corporation's, Now Known as Sand Canyon Corporation, Motion for [Partial] Summary Judgment